IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ESSIE L. HARDY,

      Plaintiff,

v.

                        CIVIL ACTION NO.
                        1:12-CV-851-SCJ-LTW

WELLS FARGO BANK N.A. and
SHAPIRO & SWERTFEGER, LLP,

      Defendants.

## <u>MAGISTRATE JUDGE'S ORDER AND NON-FINAL REPORT AND RECOMMENDATION</u>

      This case is presently before the Court on the parties' various motions. For the reasons outlined below:

(1)    Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss should be **GRANTED IN PART AND DENIED IN PART**. Docket Entry [3].

(2)    Wells Fargo's Motion to Stay Certain Pretrial Deadlines is **GRANTED**. Docket Entry [4].

(3)    Defendant Shapiro & Swertfeger, LLP's ("S&S") Motion to Dismiss should be **GRANTED**. Docket Entry [8].

(4)    S&S's Motion to Stay Certain Pretrial and Discovery Deadlines is **GRANTED**. Docket Entry [10].

(5)    Plaintiff Essie Hardy's ("Plaintiff") Motion for Leave to Amend Complaint is **DENIED**. Docket Entry [14].

(6)     Wells Fargo's Motion to Strike Plaintiff's Supplemental Sworn Declaration is
**GRANTED**.  Docket Entry [20].

In addition, if this Court's Report and Recommendation is adopted by the district court, Plaintiff may move to amend her FDCPA claims within ten (10) days of the district court's Order for the purpose of (1) alleging specific facts plausibly showing that S&S was a debt collector; (2) alleging specific facts in support of her claims alleging violations of Sections 1692e, 1692f(1), and 1692g and referencing them within the Counts of her Complaint pertaining to these violations of the FDCPA; and (3) and clearly explaining Plaintiff's legal theories for her FDCPA claims within the counts pertaining to the FDCPA violations.

**WELLS FARGO'S MOTION TO DISMISS**

**I.     BACKGROUND**

Plaintiff filed this lawsuit on February 6, 2012, in the Superior Court of Gwinnett County, for claims arising out of Wells Fargo's foreclosure on her residence.  Defendant removed the case to this Court on March 13, 2012.  Plaintiff alleges in her Complaint that her Note and Security Deed were assigned to Wells Fargo on May 25, 1995. (Compl. ¶¶ 7, 8).  Plaintiff's Security Deed incorporates some regulations issued by the Secretary of the Department of Housing and Urban Development ("HUD Regulations"). The Security Deed provides:

> Lender may, *except as limited by regulations issued by the [HUD] Secretary in the case of payment defaults,* require immediate payment in full of all sums secured by this Security Instrument if: (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or (ii) Borrower

defaults by failing, for a period of thirty days, to perform any other obligation contained in this Security Instrument.

(Compl. ¶ 16) (emphasis added). The Security Deed further provides:

Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights in case of payment defaults to require immediate payment in full and foreclose if not paid. *This Security Agreement does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.*

(Compl. ¶ 17) (emphasis added). Plaintiff contends that Wells Fargo breached the Security Deed because it did not comply with HUD regulations prior to accleration of her debt or foreclosure of her property. Plaintiff points out that HUD regulations require that each servicer deliver to the mortgagor a written notice of assignment, sale, or transfer of the servicing, but Plaintiff avers that Wells Fargo did not provide her written notice of the Assignment or the transfer of her loan. (Compl. ¶¶ 9). Plaintiff also contends that Wells Fargo did not comply with regulations requiring it to provide loan information to her, meet with her upon her request for an individual loan consultation, conduct a face to face interview with her prior to accelerating the due date of her loan or foreclosing on her residence, inform her of the names and addresses of HUD officials to whom further communications could be addressed for assistance, evaluate on a monthly basis all of the loss mitigation techniques provided by 24 C.F.R. § 203.50, or make sure that servicing requirements were met. (Compl. ¶¶ 19-25). Plaintiff also avers that when she fell behind on her mortgage payments, she sought a modification of her loan terms from Wells Fargo. (Compl. ¶ 10). During that time period, Wells Fargo sent

3

notices and request for information to an incorrect address. (Compl. ¶ 10). Plaintiff notified Wells Fargo fifteen or more times over a period of seven or eight months that she did not receive the notices or requests because they were being sent to the wrong address. (Compl. ¶ 11). Nevertheless, Wells Fargo did not correct its records of her address until January 19, 2012, after foreclosure proceedings had already commenced. (Compl. ¶ 12). Around December 2, 2011, S&S, retained by Wells Fargo to foreclose on Plaintiff's residence, sent Plaintiff via certified mail a Notice of Foreclosure accelerating her obligation to pay the full $98,814.89 balance of the debt.

In Count I of Plaintiff's Complaint, Plaintiff contends that Wells Fargo breached provisions within the Security Deed requiring compliance with certain Department of Housing and Urban Development ("HUD") regulations prior to foreclosing. In Count II, Plaintiff contends that the foreclosure should be set aside because of Wells Fargo's breach of the HUD regulations. In Count III, Plaintiff argues S&S violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a) because S&S did not advise her of her right to dispute the debt prior to foreclosure proceedings. In Count IV, Plaintiff contends that S&S violated Section 1692e of the FDCPA because it threatened and initiated foreclosure proceedings against her home when foreclosure was not authorized by law. In Count V, Plaintiff contends that S&S violated Section 1692f of the FDCPA when it demanded the entire amount of her indebtedness without informing her that she had the right to dispute the debt and request verification of it. In Count VI, Plaintiff argues both Defendants should be held responsible for her expenses of litigation under

4

O.C.G.A. § 13-6-11 because they acted in bad faith and were stubbornly litigious, and S&S is also liable for her costs and attorneys' fees pursuant to 15 U.S.C. § 1692k. In Count VII, Plaintiff argues Wells Fargo should be enjoined from evicting her from her residence.

Wells Fargo contends that Plaintiff's claims that (1) it violated HUD regulations should be dismissed because HUD provides no private right of action for violation of its regulations; and (2) Plaintiff is not entitled to equitable relief because she cannot meet her burden of showing that she will succeed on the merits, she has other remedies at law, and given that she has not tendered what she owes under her Note, she does not have clean hands.

## II.  LEGAL ANALYSIS

### A.  Motion to Dismiss Standard

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). A Rule 12(b)(6) motion to dismiss also tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To state a claim with sufficient specificity requires that the complaint have enough factual matter taken as true to suggest required elements of the claim. <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1296 (11th Cir. 2007); <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002)).

### B.    Count I:  Plaintiff's Breach of Contract Claim

In Count I of Plaintiff's Complaint, Plaintiff contends that Wells Fargo breached provisions within the Security Deed requiring Wells Fargo to comply with HUD regulations prior to foreclosing. Specifically, Plaintiff contends that Wells Fargo did not comply with HUD regulations mandating certain loss mitigation procedures requiring it to: (1) deliver her a written notice of assignment, sale, or transfer of the servicing; (2) provide loan information to her; (3) meet with her upon her request for an individual loan consultation; (4) conduct a face to face interview with her prior to accelerating the due date of her loan or foreclosing on her residence; (5) inform her of the names and addresses of HUD officials to whom further communications could be addressed for assistance; (6) evaluate on a monthly basis all of the loss mitigation techniques provided by 24 C.F.R. § 203.50, or (7) make sure that servicing requirements were met. (Compl. ¶¶ 9, 19-25).

AO 72A
(Rev.8/82)

Wells Fargo contends that Plaintiff's breach of contract claim should be dismissed because HUD regulations provide no private right of action. In response, Plaintiff points out that she is not attempting to assert a private right of action for a violation of HUD regulations, but rather a claim for Wells Fargo's breach of the terms of the Security Deed. Plaintiff argues that under the express terms of the Security Deed, Wells Fargo was required to comply with HUD's regulations prior to the acceleration of her debt or the foreclosure of her home, but did not do so. Wells Fargo argues Plaintiff's Complaint does not assert a claim for breach of contract and that a failure to comply with HUD regulations cannot amount to a private cause of action for breach of contract.

While it may be true that Plaintiff has no private right of action directly pursuant to HUD regulations, she does not plead a cause of action directly pursuant to the HUD regulations. <u>Roberts v. Cameron-Brown Co.</u>, 556 F.2d 356, 360 (5th Cir. 1977) (no private right of action under HUD regulations); <u>Cornelius v. Bank of Am., N.A.</u>, No. 1:12–CV–0585–JEC, 2012 WL 4468746, at *6 (N.D. Ga. Sept. 27, 2012) (same). As Plaintiff points out, her cause of action is based on Wells Fargo's breach of the portion of the Security Deed which incorporated HUD regulations. <u>See, e.g.</u>, Compl. p. 7 ("Count I - Against Defendant Wells Fargo *Breach of Contract*,") (emphasis added) ¶ 28 ("Wells Fargo breached its duties under the Security Deed")). This Court agrees with Plaintiff that when HUD regulations have been expressly incorporated into a Security Deed, a cause of action for breach of contract can arise when the Lender breaches the HUD regulations. <u>Rourk v. Bank of Am., N.A.</u>, No. 4:12–CV–42 (CDL), 2012 WL

7

3745953, at *7 & n.3 (M.D. Ga. Aug. 28, 2012) (recognizing a cause of action for breach of incorporated HUD provisions within contract); Cavil v. Trendmaker Homes, Inc., No. G–10–304, 2010 WL 5464238, at *7 (S.D. Tex. Dec. 29, 2010); Overholt v. Wells Fargo Bank, N.A., No. 4:10–CV–618, 2011 WL 4862525, at *5-6 (E.D. Tex. Sept. 2, 2011); Baker v. Countrywide Home Loans, Inc., No. CV–0916–B, 2009 WL 1810336, at *5 (N.D. Tex. June 24, 2009) (concluding that a violation of HUD regulations may create a private cause of action if the regulations are explicitly incorporated into the Agreement).

Wells Fargo argues, without providing any reasoning, that "even if HUD regulations provided a private cause of action, such a claim would not be for breach of contract." In support, Wells Fargo cites Echeverria v. BAC Home Loans Servicing, LP, No. 6:10-CV-1933-ORL-28DAB, 2012 WL 1081176, at *3 (M.D. Fla. Mar. 30, 2012) and Wells Fargo Home Mortg. v. Neal, 398 Md. 705 (2007). This Court, however, is not persuaded by the district court's decision in Echeverria because the Court did not include any reasoning as to why breaching HUD regulations incorporated into a contract cannot amount to a breach of contract. Echeverria, 2012 WL 1081176, at *3.

This Court is not persuaded that the Supreme Court of Georgia would agree with the Supreme Court of Maryland's reasoning in Neal, *supra*, which relies on Maryland state law. In Neal, the Supreme Court of Maryland held that when a contractual term incorporates state or federal law but the term is not "the product of a negotiation yielding a freely-entered contract," it will not be enforced. Neal, 922 A.2d at 546.

8

There, the Maryland Supreme Court concluded that the term within a FHA Security Deed incorporating the HUD provisions was not part of such a negotiation because the assignee was not part of the original negotiations and the original mortgagee had no control over the substantive terms of the contract because it was a prefabricated FHA form. 922 A.2d at 545 & n.7. The Security Deed in this case, however, expressly specifies that "[t]he covenants and agreements of this Security Instrument *shall bind* and benefit the successors and assigns of Lender and Borrower." (Docket Entry [1-1], p. 29). Moreover, even if the Court were to make inferences in Wells Fargo's favor that Wells Fargo was not part of the negotiations between the parties to the original loan contract or that the Security Deed is a prefabricated form, Wells Fargo does not provide the Court with any authority from Georgia that the portion of the contract incorporating HUD regulations would be rendered unenforceable. This Court has not located any legal authority in Georgia similar to that of Maryland, whereby a Court found that a term of a contract was not freely entered into and was unenforceable merely because it was part of a pre-prepared form or that an Assignee to the Contract was not bound because it was not part of the original negotiations between the parties to the original transaction. In Georgia, a breach of a regulation incorporated into an agreement can give rise to a cause of action for breach of contract. Ryder Truck Lines, Inc. v. Aladdin, Inc., 110 Ga. App. 579, 580 (1964); see also Hernandez v. Home Savings Assoc. Of Dallas, 606 F.2d 596, 600-01 (HUD regulations explicitly incorporated into the agreement become part of the contract and parties who agreed to be bound by the regulations were bound by

them); 1A Williston on Contracts § 30F:6 (4th ed. 2012) ("When a contract expressly incorporates a statutory enactment by reference, that enactment becomes part of the contract for the indicated purposes just as though the words of that enactment were set out in full in the contract."). Indeed, where HUD regulations have been incorporated into contractual terms, Georgia Courts have enforced them. See Griffin v. Housing Auth. of Savannah, 169 Ga. App. 621, 622 (1984) (concluding that where sole issue at trial was whether the appellant's behavior violated terms of lease and HUD regulations were incorporated into lease, parties were required to comply with HUD regulations). Accordingly, this Court concludes, as others have, that a breach of a HUD regulation incorporated into an agreement can give rise to a cause of action for breach of contract. In re Shelton, 481 B.R. 22, 30 (Bankr. W. D. Mo. 2012); Rourk, 2012 WL 3745953, at *7 & n.3; Overholt, 2011 WL 4862525, at *5-6; Mullins v. GMAC Mortg., LLC, No. 1:09-CV-704, 2011 WL 1298777, at *2-3 (S.D. W. Va. Mar. 31, 2011); Baker, 2009 WL 1810336, at *5. Accordingly, Wells Fargo's Motion to Dismiss should be **DENIED** as to Plaintiff's breach of contract claim.

## C.    Plaintiff's Claims for Injunctive Relief

In Count II of Plaintiff's Complaint, Plaintiff seeks to set aside the foreclosure of her residence. In support, Plaintiff contends that the foreclosure was wrongful because Wells Fargo did not comply with HUD regulations pertaining to acceleration of the debt. In Count VII of Plaintiff's Complaint, Plaintiff seeks to enjoin Wells Fargo from evicting her from her residence. (Compl. ¶ 75). Wells Fargo contends that Plaintiff's

10

claims for equitable relief should be dismissed because (1) Plaintiff cannot show through the allegations in her Complaint that she will succeed on the merits; (2) her claim for wrongful foreclosure fails; (3) Plaintiff has other remedies at law; and (4) she has unclean hands because she has failed to make payments due under her mortgage Note. In response, Plaintiff contends that Wells Fargo's actions in accelerating and foreclosing prior to engaging in loss mitigation efforts breached the duty to execute the rights granted under the Security Deed in a fair manner. Plaintiff further contends that Wells Fargo's Motion should be denied because it has failed to demonstrate that it is the real party in interest. Specifically, Plaintiff argues Wells Fargo has failed to present evidence of the chain of assignments, ultimately leading to the Assignment of interests in the Security Deed to Wells Fargo. Plaintiff further contends that she would suffer an irreparable harm if her property was taken from her because real property is the most important, tangible piece of emotional and physical stability. Finally, Plaintiff contends that because "Wells Fargo improperly accelerated and foreclosed on the Mortgage (ostensibly without authority to do so), . . . [she] cannot have unclean hands."

Plaintiff fails to state a claim for injunctive relief because Plaintiff fails to allege that she tendered what was owed under the Note. Under Georgia law, before a plaintiff is entitled to equitable relief, the plaintiff "must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Sapp v. ABC Credit & Inv. Co., 243 Ga. 151, 158 (1979). Pursuant to this equitable maxim, the Georgia Supreme Court has held that a borrower is not entitled to set aside a foreclosure unless

11

the borrower first tenders to the creditor the amount admittedly due. <u>Anderson v. Deutsche Bank Nat'l Trust Co.</u>, No. 1:11–CV–4091–TWT–ECS, 2012 WL 3756512, at *8 (N.D. Ga. Aug. 6, 2012); <u>Smith v. Citizens & S. Fin'l Corp.</u>, 245 Ga. 850, 852 (1980) (holding that owners who did not tender indebtedness secured by deed to secure debt were not entitled to set aside sale under power); <u>see also</u> <u>Crockett v. Oliver</u>, 218 Ga. 620, 621 (1963); <u>Hill v. Filsoof</u>, 274 Ga. App. 474, 475 (2005) ("Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and an injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due."); <u>Taylor, Bean & Whitaker Mortg. Corp. v. Brown</u>, 276 Ga. 848, 850 (2003). This is because "[he who would have equity must do equity." <u>Sapp</u>, 243 Ga. at 158. Neither fraud nor poverty are equitable excuses for failure to tender. <u>Sapp</u>, 243 Ga. at 158.

Under applicable law, the allegations in Plaintiff's Complaint do not dispel the notion that Plaintiff should have tendered the full amount of indebtedness. The Security Deed provides that the Lender could "in the case of payment defaults, require immediate payment in full of all sums secured by [the] Security Instrument if: (i) Borrower defaults by failing to pay in full any monthly payment required by [the] Security Instrument prior to or on the due date of the next monthly payment, or (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in [the] Security Instrument." (Docket Entry [1-1], p. 29). Plaintiff admits that she fell behind on her

mortgage payments, does not deny that at some point, she was in default on her mortgage loan, and admits that at some point during the life of her loan that four consecutive monthly installments went unpaid. (Compl. ¶¶ 10, 34). In fact, Plaintiff alleges that Wells Fargo had accelerated her debt under the terms of her Security Deed and advised her that she owed the entire balance of her loan. (Compl. ¶¶ 10, 14).

Nevertheless, Plaintiff does not allege within her Complaint that she tendered what she owed. Plaintiff instead now argues that "Wells Fargo improperly accelerated and foreclosed on the mortgage (ostensibly without authority to do so) and Ms. Hardy cannot have unclean hands." (Pl.'s Br., Docket Entry [12], p. 19). Plaintiff, however, cites no authority for her position Wells Fargo's failure to comply with HUD regulations prior to foreclosing on her residence or accelerating her debt excused her duty to have clean hands prior to seeking equitable relief to set aside the foreclosure of her residence. The law is well settled in this circuit that a legal claim or argument that has not been briefed is deemed abandoned and the mere mention of an argument without any supporting substantive analysis is not sufficient. See Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 459 (11th Cir. 2009); Dawkins v. Glover, 308 F. App'x 394, 395 (11th Cir. 2009); Seay v. United States, 166 F. App'x 422 (11th Cir. 2006) (Petitioner's mere statement that the district court improperly dismissed his complaint on res judicata grounds without any substantive argument in support amounted to abandonment of his claims even though he argued the merits of his underlying claims). Moreover, issues cryptically raised in passing and not clearly raised are deemed

13

abandoned. <u>APA Excelsior III L.P. v. Premiere Techs., Inc.</u>, 476 F.3d 1261, 1270 (11th Cir. 2007). Plaintiff has the duty to cite to supporting authority and to explain her argument other than a one line sentence in passing.

Although this Court has located legal authority standing for the proposition that Plaintiff may be relieved of the obligation to tender if the indebtedness is not owed under the terms of the transaction, Plaintiff's Complaint contains no factual allegations supporting such a theory. <u>Everson v. Franklin Discount Co.</u>, 248 Ga. 811, 813 (1982) (holding that no tender was required because but for creditor's fraud, loan would have been discharged); <u>Sapp</u>, 243 Ga. at 158; <u>Pass v. Pass</u>, 195 Ga. 155, 160 (1942) (excusing borrower from tendering where debt was not due at the time the equitable suit was instituted and no grounds for acceleration of the maturity of the debt occurred). Plaintiff's Complaint falls short of alleging that no sums were due under the Note or Security Deed. Plaintiff does not allege that she was current on all mortgage payments. Plaintiff does state in her Supplemental Declaration[1] that as of May 2010 she was "current" on her mortgage when she timely made the first payment required under the terms of a forbearance agreement between her and Wells Fargo. (Pl.'s Supp. Decl. ¶¶ 2-6, Exs. 1-2). Even if the Court were to consider the Declaration, however, it does not

---

[1] As discussed below, Plaintiff's Supplemental Declaration is untimely and is a matter outside the pleading which is not appropriate for the Court to consider in conjunction with a Motion to Dismiss. It is Plaintiff's duty when drafting her Complaint to place sufficient specific facts within her Complaint to make her claim plausible, not add facts in supplemental declarations filed after the briefing period for a Motion to Dismiss is closed.

AO 72A
(Rev.8/82)

establish that Plaintiff was current on all amounts owed at the time she filed the instant complaint, which was more than a year and a half later.

Furthermore, Plaintiff's Complaint fails to show that she was excused from tendering the entire amount of the indebtedness because it falls short of alleging specific facts showing that Wells Fargo improperly accelerated the amount owed under her mortgage. Although Plaintiff argues generally that Wells Fargo improperly accelerated her indebtedness because it did not comply with HUD regulations, Plaintiff does not support her claim with facts making her claim plausible. Under the terms of the Security Deed, both acceleration and foreclosure were not permitted if they were not permitted by the HUD regulations. (Compl. ¶¶ 16-17). Plaintiff asserts in her Complaint that acceleration of the Note was not permitted by the HUD regulations because Wells Fargo did not first comply with 24 C.F.R. §§ 203.500, 203.508, 203.600, 203.604, 203.605, 203.606, 203.614. However, Plaintiff has omitted to cite to any authority standing for the proposition that Wells Fargo must first comply with the aforementioned code sections prior to accelerating the debt. Even though 24 C.F.R. § 203.500 requires lending institutions to comply with HUD regulations within the Subpart prior to *foreclosing* on a property, it does not indicate that it is necessary to comply with the same regulations prior to *acceleration of the debt*. See id.

While not cited by Plaintiff, 24 C.F.R. § 201.50 provides that prior to accelerating the loan, "the lender or its agent shall contact the borrower and any co-maker or co-signer, either in a face-to-face meeting or by telephone, to discuss the reasons for the

AO 72A
(Rev.8/82)

default and to seek its cure." See id. The regulation further provides that "[i]f the borrower and the co-makers or co-signers . . . will not discuss the default, or will not agree to its cure," the lender may accelerate the debt. 24 C.F.R. § 201.50(a), (b). Plaintiff, however, does not allege in her Complaint that Wells Fargo or its agent did not offer to meet with her face to face[2] or failed to contact her by telephone prior to acceleration of her debt. Furthermore, even if this Court were to consider Plaintiff's statement within her Declaration that "Wells Fargo did not conduct a face to face interview with [her] prior to acceleration," despite Plaintiff's Declaration being a matter outside the pleadings, Plaintiff does not indicate that Wells Fargo did not contact her by telephone, which was an allowable alternative under the regulation. (Pl.'s Decl. ¶ 18, Docket Entry [12-1], p. 3). Thus, Plaintiff fails to allege sufficient facts making it plausible that Wells Fargo failed to comply with the regulation. Therefore, Plaintiff has also failed to allege sufficient facts showing that Wells Fargo improperly accelerated her debt prior to complying with conditions precedent imposed by the HUD regulations. Accordingly, improper acceleration of Plaintiff's debt cannot serve as an excuse for Plaintiff's failure to tender the entire amount owed.

Wells Fargo's alleged failure to comply with HUD regulations prior to foreclosing also cannot excuse Plaintiff's failure to tender. Plaintiff does not present any authority

---

[2] The few facts provided in Plaintiff's Complaint include the fact that Wells Fargo failed to have a face-to face interview with her or make an effort to have such a meeting with her before three monthly installments due on the mortgage were unpaid. (Compl. ¶ 32). Plaintiff does not assert within her Complaint that Wells Fargo did not offer to meet her face to face prior to acceleration of her debt.

AO 72A
(Rev.8/82)

for the proposition that failure to perform conditions precedent to foreclosure under a Security Deed excuses her obligation to have clean hands and tender what is owed. Furthermore, the requirement of tender applies even when the creditor has breached covenants of the security deed that are separate from the obligation to pay the indebtedness. Brevard Fed. Sav. & Loan Assoc. v. Ford Mountain Inv., 261 Ga. 619, 620 (1991); Mickel v. Pickett, 241 Ga. 528, 537 (1978) ("To enjoin a foreclosure proceeding a borrower must tender the amounts admittedly due even though it claims that the lender has breached some independent covenant in the contract."); Wright v. Intercounty Props., Ltd., 238 Ga. 492, 493 (1977) (same). The Georgia Supreme Court has held:

> [A] borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed unless he first pays or tenders to the creditor the amount admittedly due. This is true notwithstanding any allegation that the defendant has breached some independent covenant.

Brevard Fed., 261 Ga. at 620. The inquiry of whether the covenant is independent or separate centers on whether the covenant allegedly breached by the creditor was dependent or independent of the obligation to pay the indebtedness. See Brevard, 261 Ga. at 620 (debtor could not avoid tender on what was owed even though defendant breached an independent portion of agreement requiring it to release lots securing agreement when 30% of the lots wholesale price was paid); Jordan Realty Co. v. Chambers Lumber Co., 176 Ga. 624, 168 S.E.2d 601, 604(1933); Frank S. Alexander, Ga. Real Estate Fin. and Foreclosure Law § 8:10 (2012) ("[T]hough it has been stated

17

that the requirement of tender applies even when the creditor has breached a separate covenant of the security instrument, the emphasis and inquiry should be on whether the covenant allegedly breached by the creditor was dependent or independent on the obligation to pay the entire indebtedness."). Because Plaintiff's obligation to pay the indebtedness is not dependent upon Wells Fargo fulfilling contractual prerequisites to foreclosure, her obligation to tender is not excused.

Furthermore, Plaintiff's argument that Wells Fargo "does not have standing to foreclose" does not overcome Plaintiff's failure to tender what was owed under the mortgage. Not only does Plaintiff fail to advance this as a legal theory in her Complaint, Plaintiff omits to plead any facts supporting her theory. Indeed, Plaintiff's Verified Complaint refers to Wells Fargo as the "alleged assignee" but asserts no facts tending to show that the Assignment was not proper or that the Security Deed was not assigned to Wells Fargo. Nor does Plaintiff state any facts in support of this theory sufficient to state a claim which could be offered in an Amended Complaint. Thus, Plaintiff fails to nudge her theoretical claim past the line of conceivable to plausible, and therefore fails to state a claim. Twombly, 550 U.S. at 555, 570; Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (holding that a complaint fails to state a claim unless the well-pled factual allegations of the Complaint nudge the claims across the line from conceivable to plausible), abrogated on other grounds by Mohamad v. Palestinian Auth., 132 S. Ct. 1702 (2012).

Because Plaintiff fails to allege facts tending to make it plausible that her

18

indebtedness was not due under the terms of the Note and Security Deed, in order to have clean hands, she had to tender the amount of indebtedness owed. Plaintiff does not allege that she did so; therefore, she fails to state a claim for injunctive relief. Moore v. McCalla Raymer, LLC, No. 1:12-CV-1714-TWT, 2012 WL 28253, *7 (N.D. Ga. Jan. 2, 2013) (dismissing claim for injunctive relief due to wrongful foreclosure because plaintiff did not allege that she tendered amount owed under note); Cornelius v. Bank of Am., N.A., No. 1:12–CV–0585–JEC, 2012 WL 4468746, at *3 (N.D. Ga. Sept. 27, 2012) (dismissing claim for injunction of a foreclosure sale because plaintiff did not allege that his loan was current or offer to make his loan current); Ezuruike v. Bank of N.Y. Mellon, No. 1:11–CV–4030–JEC, 2012 WL 3989961, at *3 (N.D. Ga. Sept. 11, 2012) (dismissing claim for equitable relief from foreclosure because plaintiff did not tender amount owed under note); You v. JPMorgan Chase Bank, N.A., No. 1:12–CV–202–JEC–AJB, 2012 WL 3904363, at *2 (N.D. Ga. Sept. 7, 2012) (granting motion to dismiss claims for equitable relief where plaintiffs did not allege that they had tendered payment to bring the loan current); Anderson, 2012 WL 3756512, at *8; Morton v. Suntrust Mortg., No. 1:10–CV–2594–TWT–RGV, 2010 WL 5055822, at *7 (N.D. Ga. Nov. 5, 2010) (dismissing claim for wrongful foreclosure because plaintiff made no showing that he tendered the full amount owed under the loan); Bower v. Certain Teed Products Corp., 216 Ga. 646, 648 (1961) (concluding that complaint failed to state a claim for injunction against a sale of property under power because plaintiff failed to allege that he tendered amount claimed to be due under the security deed and

19

failed to allege a reason to excuse tender on his part).  Accordingly, Plaintiff's claims

for injunctive relief should be **DISMISSED**.

<u>**WELLS FARGO'S MOTION TO STRIKE PLAINTIFF'S**</u>
<u>**SUPPLEMENTAL SWORN DECLARATION**</u>

Plaintiff, in support of her opposition to Wells Fargo's Motion to Dismiss, filed

her Supplemental Sworn Declaration after the period for briefing the Motion to Dismiss

had closed.  Therein, Plaintiff states that Wells Fargo improperly attempted to accelerate

the indebtedness in May 2010 because she was current on her mortgage payments under

the terms of a forbearance agreement.  <u>See</u> Supplemental Sworn Declaration of Plaintiff,

Docket Entry [18], ¶¶ 2-6.  In Wells Fargo's Motion to Strike Plaintiff's Supplemental

Sworn Declaration (Docket Entry 20), Wells Fargo argues Plaintiff's Declaration should

be stricken because, given that it was filed well after the deadline for Plaintiff's response

to its Motion to Dismiss, it is not timely.  Additionally, Wells Fargo argues Plaintiff's

declaration is not relevant to Wells Fargo's Motion to Dismiss because matters outside

the pleadings are not considered on a Motion to Dismiss for failure to state a claim.

Plaintiff responds that her Declaration is relevant to show Wells Fargo's failure to

comply with the terms of the Security deed and Wells Fargo's violation of the duty of

good faith and fair dealing.

This Court agrees with Wells Fargo that Plaintiff's Declaration is not only

untimely, but is also a matter outside the pleading.  Although the District Court

generally has discretion to consider matters outside the pleading on a Rule 12(b)(6)

20

Motion to Dismiss, if it does so, it must convert the Motion to one for summary judgment under Rule 56. Prop. Mgmt. & Inv., Inc. v. Lewis, 752 F.2d 599, 603 (1985); Fed. R. Civ. P. 12(d). In this case, however, this Court will neither consider the Declaration nor convert Wells Fargo's Motion to Dismiss to a Motion for Summary Judgment because consideration of Plaintiff's Declaration would not alter this Court's proposed resolution of the issues raised within the Motion. Although Plaintiff seeks to present the Declaration in support of her claim for the breach of the covenant of good faith and fair dealing, as discussed below, Plaintiff's claim for the breach of covenant of good faith and fair dealing is subsumed within the breach of contract claim within her Complaint. It has not been necessary for the Court to review Plaintiff's Declaration to arrive at the conclusion that Wells Fargo's challenge to her breach of contract claim is not meritorious. Furthermore, as discussed above, consideration of the Declaration would not rescue Plaintiff's claims for injunctive relief, even if the Court converted the Motion to Dismiss into a motion for summary judgment. Accordingly, Wells Fargo's Motion to Strike Plaintiff's Supplemental Sworn Declaration is **GRANTED**. Docket Entry [20].

## **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff moves to amend her Complaint in order to assert a claim that Wells Fargo breached the duty of good faith and fair dealing when it failed to comply with loss mitigation regulations incorporated by the Security Deed and failed to provide loss mitigation options for her. Wells Fargo argues that Plaintiff's proposed amendment is

AO 72A
(Rev.8/82)

futile because she fails to establish that Wells Fargo owed any fiduciary duty to her.

Pursuant to the Federal Rules of Civil Procedure, leave to amend a party's pleading shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court has discretion to make this determination, but it must provide a substantial reason for such a denial because "[r]ule 15(a) severely restricts the district court's freedom." Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir. 1989) (policy embodied in Federal Rules of Civil Procedure favors liberality of amendments). However, both the Supreme Court and the Eleventh Circuit have enumerated factors which allow the denial of a motion to amend. These factors include undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. Foman v. Davis, 371 U.S. 178, 182 (1962); Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape, 556 F.3d 1232, 1241 (11th Cir. 2009). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000).

Plaintiff's claim for the breach of good faith and fair dealing is futile because it is subsumed by her breach of contract claim. The Supreme Court of Georgia has held that "'[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.'" Brack v. Brownlee, 246 Ga. 818, 820 (1980). "This implied duty requires both parties to a contract to perform their promises and provide such cooperation as is required for the other party's performance. And, where the

22

manner of performance is left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good faith." Camp v. Peetluk, 262 Ga. App. 345 (2003). However, "there is no independent cause of action for violation of the covenant apart from breach of an express term of the contract." Morrell v. Wellstar Health Sys., Inc., 280 Ga. App. 1, 5 (2006). Instead, the covenant of good faith and fair dealing modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure. Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990); Stuart Enters. Int'l v. Peykan, Inc., 252 Ga. App. 231, 234 (2001)). The implied covenant of good faith modifies, and becomes part of the provisions of the contract itself and as such, is not independent of the contract itself. Stuart, 252 Ga. App. 231, 234 (2001). Thus, the covenant of good faith and fair dealing is not an undertaking that can be breached apart from contract terms. Alan's, 903 F.2d at 1429. Because Plaintiff has already pled a breach of contract claim based upon the same contract provisions, the addition of a "breach of the covenant of good faith and fair dealing" is redundant. Smith v. Orthalliance, No. 1:01-CV-2778-BBM, 2004 WL 5512959, at *5 (N.D. Ga. Jan. 9, 2004) (concluding that plaintiff's claim for breach of the implied covenant of good faith and fair dealing could only be considered part of their breach of contract claim); ServiceMaster Co. v. Martin, 252 Ga. App. 751, 756 (2001) (noting that the allegations of a violation of the duty of good faith and fair dealing did not authorize a remedy over and above that to which the plaintiff was entitled as a result of the breach of contract); Stuart Enter., 252 Ga. App. at 234

23

("Although we have not expressly ruled whether the common law requirement of good faith and fair dealing in the performance of a contract creates an independent cause of action apart from breach of contract, the Eleventh Circuit Court of Appeals has examined the question and ruled that Georgia law would not recognize such an independent cause of action. . . . We agree."); Wynn v. Arias, 242 Ga. App. 712, 716 (2000), overruled on other grounds by Clearwater Constr. Co. v. McClung, 261 Ga. App. 789, 792 (2003). The mere failure to perform a contract does not amount to a tort. Wynn, 242 Ga. App. at 716.

A plaintiff has a tort claim only where, "in addition to breaching a duty imposed by contract, the defendant also breaches a duty imposed by law," such as a fiduciary duty. Wynn, 242 Ga. App. at 716; see also Brock Built, LLC v. Blake, 300 Ga. App. 816, 824 (2009). Plaintiff neither alleges, nor argues that Wells Fargo breached a fiduciary duty to her or any other duty under the law beyond contractual duties. Further, there is no confidential relationship between mortgage lenders and borrowers, who have clearly opposite interests. Dollar v. NationsBank of Georgia, 244 Ga. App. 116, 117 (2000); Pardue v. Bankers First Fed. Sav. & Loan Ass'n, 175 Ga. App. 814 (1985). The primary duty of a lending bank is to protect the assets of its members or depositors and not to protect the assets of its borrowers. Baker v. Campbell, 255 Ga. App. 523, 529 (2002). Accordingly, Plaintiff's breach of the duty of good faith and fair dealing claim is subsumed in her breach of contract claim and amendment of her Complaint to add a separate claim for a tort is futile. Therefore, Plaintiff's Motion for Leave to Amend

24

Complaint is **DENIED**.  Docket Entry [14].

## **DEFENDANTS' MOTIONS TO STAY PRETRIAL DEADLINES**

In Wells Fargo and S&S's motions to stay discovery and pretrial deadlines, they seek an Order delaying the commencement of the discovery period and staying the deadlines for the Rule 26(f) Early Planning Conference, the Joint Preliminary Report and Discovery Plan, and Initial Disclosures until after the District Court rules on Defendants' Motions to Dismiss.  For good cause shown, Defendants' Motions are **GRANTED**.  Docket Entries [4, 10].

## **S&S's MOTION TO DISMISS**

Plaintiff contends that S&S violated the Section 1692g(a) of the FDCPA because S&S did not advise Plaintiff of her right to dispute the debt prior to commencing foreclosure proceedings, Section 1692e because S&S threatened and initiated foreclosure proceedings against her when they were not authorized by law, and Section 1692f when S&S demanded the entire amount of her indebtedness without informing her that she had the right to dispute the debt and request verification of the debt.  S&S contends that Plaintiff's claims against it should be dismissed because (1) Plaintiff's claims are pled in shotgun fashion; (2) she alleges no facts supporting the notion that S&S is a debt collector or that she suffered damages; (3) her claims pursuant to Section 1692g and Section 1692e fail because law firms which assist creditors with nonjudicial foreclosures are not debt collectors for purposes of Section 1692g and their efforts to

AO 72A
(Rev.8/82)

enforce a security interest are not debt collection activities[3]; and (4) Plaintiff's claims pursuant to Section 1692g fail because she does not allege sufficient facts to state a claim. This Court agrees that Plaintiff's FDCPA claims are inadequately pled.

## I.     **Plaintiff Does not Allege Facts Showing that S&S is a Debt Collector**

S&S contends Plaintiff fails to state a claim under the FDCPA because she fails to allege any facts supporting the notion that it is a debt collector. In addition, S&S argues that for purposes of Plaintiff's claims pursuant to Sections 1692e and 1692g, it cannot be a debt collector because law firms which assist creditors with nonjudicial foreclosures are not debt collectors. Plaintiff argues in response that S&S fits within the FDCPA's definition of a debt collector because contrary to S&S's interpretation of the FDCPA, law firms can be debt collectors under the FDCPA. Additionally, Plaintiff argues that S&S was acting as a debt collector when it sent letters to her demanding that she pay her debt in full because the request amounted to debt collection activity.

Although this Court agrees with Plaintiff that law firms can be debt collectors under the FDCPA, Plaintiff's Complaint fails to state a claim because she pleads no facts plausibly indicating that S&S is a debt collector. The FDCPA was passed in 1977 in order to protect consumers from unfair debt collection practices. 15 U.S.C. § 1692(e)

---

[3] It is worth noting that S&S December 2, 2011 letter, attached to Plaintiff's Complaint, provides in the top margin, "This letter is an attempt to collect a debt." Docket Entry [1-1], p. 35. The Eleventh Circuit has recently concluded that a similar notice was an attempt at debt collection. See Reese, 678 F.3d at 1217 (holding that law firm engaged in debt collection activity when it sent letter indicating that it was attempting to collect a debt, indicating that it was acting as a debt collector, and threatening foreclosure if demand for amount owed under loan was not met).

AO 72A
(Rev.8/82)

("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors . . . [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ."); Acosta v. Campbell, 309 F. App'x 315, 320 (11th Cir. 2009). The Act's prohibitions on improper collection methods only apply to debt collectors. The FDCPA generally precludes "'*debt collectors*' from making false or misleading representations and from engaging in various abusive and unfair practices." Acosta, 309 F. App'x at 320; see also Heintz v. Jenkins, 514 U.S. 291 (1995). Title 15, Section 1692g requires that within the debt collector's initial communication or a debtor or within five days thereafter, the *debt collector* shall send the consumer notification that if the consumer disputes the any portion of the debt within a thirty day period, the debt collector will obtain verification of the debt and will provide the consumer with the name and address of the original creditor if different from the current creditor. 15 U.S.C. 1692g(a). Title 15, Section 1692e prohibits *debt collectors* from using false representations or deceptive means to collect a debt. 15 U.S.C. § 1692e. Under Title 15, Section 1692f(6), a *debt collector* may not take or threaten to take nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest. 15 U.S.C. § 1692(f)(6).

Thus, Plaintiff's Complaint must plausibly allege that S&S is a debt collector within the meaning of the FDCPA. Reese v. Ellis, Painter, Ratterree & Adams, 678 F.3d 1211, 1216, 1218 (11th Cir. 2012) (explaining that "in order to state a plausible FDCPA

27

claim under Section 1692e, a plaintiff must allege, among other things . . . that the defendant is a debt collector"). For purposes of Sections 1692e and 1692g, the Act generally defines the term "debt collector" as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). For purposes of Section 1692f(6), the definition of debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). Thus, the three ways in which a law firm may be a debt collector are: (1) if its principal purpose is to collect debts; (2) if it regularly attempts to collect, directly or indirectly debts owed another; or (3) if the principal purpose of its business is the enforcement of security interests. 15 U.S.C. § 1692a(6); Reese, 678 F.3d at 1218.

In this case, Plaintiff does not plausibly allege that S&S falls into any of the aforementioned categories of debt collectors. Plaintiff merely alleges that S&S "is a law firm and debt collector hired by Defendant Wells Fargo to foreclose the Premises." (Compl. ¶ 3; see also Compl. ¶ 44). Plaintiff's legal conclusion in this regard is not sufficient to state a claim; Plaintiff must allege sufficient factual content to make her conclusion plausible. Reese, 678 F.3d at 1218; Twombly, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Similarly, Plaintiff's argument that S&S was engaging in debt collection activity at the time of its interaction with her does not satisfy her obligation to plead plausible facts that S&S is a debt collector. In addition to plausibly pleading that S&S engaged in debt collection activity, Plaintiff also must show that S&S was a debt collector. Reese, 678 F.3d at 1216 ("[I]n order to state a plausible FDCPA claim under Section 1692e, a plaintiff must allege, among other things, (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection."); Knowles v. Am. Home Mortg. Serv., No. 5:11-CV-01670-AKK, 2012 WL 2357752, at *4 (N.D. Ala. June 18, 2012) ("Finding that J & L may have attempted to collect a debt is only one factor in the analysis. The court must still address whether Plaintiffs alleged sufficient facts that J & L is a 'debt collector' as defined by [the Act].").

## II.    Plaintiff's FDCPA Claims are Inadequately Pled

Furthermore, S&S rightly points out that Plaintiff's FDCPA claims are inadequately pled. Plaintiff fails to plead specific, non-conclusory facts in support of them. For instance, in Plaintiff's discussion of S&S' violation of Section 1692g in Count III of her Complaint, Plaintiff simply incorporates all of the previous paragraphs of her Complaint and omits to provide specific facts to showing a plausible violation of Section 1692g. Title 15, Section 1692g requires that within the debt collector's initial communication or within five days thereafter, the *debt collector* shall send the consumer notification that if the consumer disputes any portion of the debt within a thirty day period, the debt collector will obtain verification of the debt and will provide the

29

consumer with the name and address of the original creditor if different from the current creditor. 15 U.S.C. 1692g(a). Plaintiff states only in conclusory fashion that she "did not receive notification that she has the right to dispute the debt within thirty (30) days and request verification of the debt and the original creditor if different [than] Wells Fargo" or notification that "she had the right to dispute the debt prior to foreclosure proceedings." (Compl. ¶¶ 44, 48). Plaintiff provides no factual information about the initial communication, when it was sent, or the contents of the initial communication. Plaintiff also omits to explain whether S&S sent any subsequent communication within five days of the initial communication. Plaintiff's conclusory allegations in this regard are not sufficient to state a claim.

Similarly, Plaintiff contends in Count IV of her Complaint that S&S violated Section 1692e's prohibitions on using false, deceptive, or misleading representations in connection with the collection of a debt, specifically the threat to take an action that cannot be legally be taken. The substance of Plaintiff's Section 1692e claim is ambiguous, as Plaintiff again incorporates all of the previous allegations of her Complaint. Further, Plaintiff again omits to plead specific facts in support of her claim and instead, states in conclusory fashion that "Defendants are not entitled to foreclose the Property due to the violations of the notice requirement of the Security Deed" and "[b]ecause the foreclosure proceedings threatened and initiated by [S&S] are not legally permissible, Defendant has violated [Section 1692e]."

Plaintiff also alleges a violation of Section 1692f(1) in her Complaint. While

30

Plaintiff cites a provision of Section 1692f(1) which provides that the collection of any amount not expressly authorized by agreement is a violation, Section 1692g neither explains her legal theory, nor provides any specific facts in support of her claim. Again, Plaintiff merely incorporates the previous paragraphs of her Complaint. Accordingly, because Plaintiff's FDCPA claims against S&S have been inadequately pled, Plaintiff's FDCPA claims should be **DISMISSED**.

If this Court's Report and Recommendation is adopted by the district court, Plaintiff may move to amend her FDCPA claims within ten (10) days of the district court's Order for the purpose of (1) alleging specific facts plausibly showing that S&S was a debt collector; (2) alleging specific facts in support of her claims alleging violations of Sections 1692e, 1692f(1), and 1692g and referencing them within the Counts of her Complaint pertaining to these violations of the FDCPA; and (3) and clearly explaining Plaintiff's legal theories for her FDCPA claims within the counts pertaining to the FDCPA violations.

## CONCLUSION

For the reasons stated above, this Court **RECOMMENDS** that:

(1)     Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss should be **GRANTED IN PART AND DENIED IN PART**.  Docket Entry [3].

(2)     Wells Fargo's Motion to Stay Certain Pretrial Deadlines is **GRANTED**.  Docket Entry [4].

(3)     Defendant Shapiro & Swertfeger, LLP's ("S&S") Motion to Dismiss should be

AO 72A
(Rev.8/82)

**GRANTED**.  Docket Entry [8].

(4)     S&S's Motion to Stay Certain Pretrial and Discovery Deadlines is **GRANTED**.
Docket Entry [10].

(5)     Plaintiff Essie Hardy's ("Plaintiff") Motion for Leave to Amend Complaint is
**DENIED**.  Docket Entry [14].

(6)     Wells Fargo's Motion to Strike Plaintiff's Supplemental Sworn Declaration is
**GRANTED**.   Docket Entry [20].

In addition, if this Court's Report and Recommendation is adopted by the district court, Plaintiff may move to amend her FDCPA claims within ten (10) days of the district court's Order for the purpose of (1) alleging specific facts plausibly showing that S&S was a debt collector; (2) alleging specific facts in support of her claims alleging violations of Sections 1692e, 1692f(1), and 1692g and referencing them within the Counts of her Complaint pertaining to these violations of the FDCPA; and (3) and clearly explaining Plaintiff's legal theories for her FDCPA claims within the counts pertaining to the FDCPA violations.

**SO ORDERED AND REPORTED AND RECOMMENDED** this 3/ day of January, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

32