UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ESSIE L. HARDY )<br>)<br>    Plaintiff, )<br>)<br>) <br>) <br>)<br>WELLS FARGO BANK, N.A. AND )<br>SHAPIRO & SWERTFEGER, LLP. )<br>)<br>    Defendants. ) | CIVIL ACTION FILE NO.<br>1:12-cv-00851-SCJ-LTW |

## AMENDED VERIFIED COMPLAINT AND PETITION AGAINST DEFENDANT SHAPIRO & SWERTFEGER, LLP

**COMES NOW**, Plaintiff Essie L. Hardy ("Plaintiff" or "Ms. Hardy"), by and through her undersigned attorneys, and files her Amended Complaint and Petition against Defendant Shapiro & Swertfeger, LLP ("Defendant S&S") and states as follows:

1.

Plaintiff Essie L. Hardy incorporates the allegations in her original Complaint and Petition by reference, and amends her FDCPA claims against Defendant S&S as follows:

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANT SHAPIRO & SWERTFEGER, LLP
## 15 U.S.C. §1692

2.

Defendant Shapiro acted as a "debt collector," pursuant to 15 U.S.C. § 1692(a)(6), and the Fair Debt Collection Practices Act (the "FDCPA").

3.

The term debt collector means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692(a)(6). A party qualifies as a debt collector by using an instrumentality of interstate commerce or the mails in operating a business that has the principal purpose of collecting debts or by regularly attempting to collection debts. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012).

4.

Defendant S&S provides foreclosure, bankruptcy, mobile home titles, loss mitigation, deed in lieu, eviction, deficiency judgment, litigation and REO closing services.

5.

Attached to the Complaint are thirteen (13) letters sent by Defendant S&S from August 22, 2008 through December 2, 2011 seeking to collect from Ms. Hardy.

6.

The letters sent to Ms. Hardy are form letters and purport to be the standard form letters sent by Defendant S&S to Defendants on behalf of its lenders clients. Each form letter contains a stamp at the bottom stating ("FDCPA LTR (2004)").

7.

The letters provide: "[b]e advised that if your personal liability for this debt has been modified or extinguished by a discharge in bankruptcy, this notice is provided solely to foreclose the security deed remaining on your property and it not an attempt to collect the discharged personal obligation."

8.

Each letter states in all caps "PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

9.

Each letter from Defendant S&S provides the payoff amount for Ms. Hardy's loan and gives clear direction regarding where to send payments: "[a]ny payments you choose to make on this loan must be in the form of certified funds payable to Shapiro & Swertfeger, LLP." *Reese v. Ellis, Painter, Ratterree, & Adams, LLP*, 678 F. 3d 1211 (11th Cir. 2012)(the fact that the letter and documents related to enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of § 1692e); *See Bourff v. Rubin Lublin, LLC*, 674 F. 3d 1238 (11th Cir)(treating a letter requesting payment on a promissory note secured by a mortgage as "an attempt at debt collection" within the meaning of § 1692e ); *Wilson v. Draper & Goldberg, PLLC*, 443 F. 3d 373 (4th Cir. 2006)(Defendants are not excluded from the definition of "debt collector" as it is defined by the FDCPA merely because they were acting as trustees foreclosing on a property pursuant to a deed of trust, and Defendants can still be "debt collectors" even if they were also enforcing a security interest); *Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380, 386 (7th Cir. 2010)(holding that a letter threatening foreclosure while also offering to discuss "foreclosure alternatives" qualified as a communications related to debt collection activity within the meaning of the FDCPA).

10.

The letters also provide that "[b]ecause of interest, late charges and other charges that may vary from day to day, the amount of the debt on any future date may be greater."

11.

Defendant S&S's letters upon and until December 2, 2011, are collection letters seeking a pay-off and do not reference a foreclosure of the property.

12.

The letters sent by Defendant S&S to Ms. Hardy state that they are an attempt to collect a debt by a debt collector, the letters also explain that they are not an attempt to collect a discharged personal obligation. The letters provide a pay-off amount and provide contact information for how payments should be submitted.

13.

Under Georgia law, Defendant S&S was seeking to collect a debt and acting as a debt collector at the time it sent collection letters to Ms. Hardy. *Reese v. Ellis, Painter, Ratterree, & Adams, supra.*

14.

In addition, the August 22, 2008 letter was not addressed to Ms. Hardy, but was addressed to a "Roosevelt Pierce."

15.

All of the collection letters sent to Ms. Hardy also all state the following: "[b]e advised that no attorney with this firm has personally reviewed the particular circumstances of your account."

16.

Defendant S&S sent two different and conflicting letters to Ms. Hardy both dated December 2, 2011. The first December 2, 2011 letter provides a pay-off amount for her loan. The second December 2, 2011 letter states that her loan balance has already been accelerated.

17.

On that same date, December 2, 2011, in addition to the two conflicting letters, Defendant S&S sent (3) three additional letters and notices to Ms. Hardy regarding collection and foreclosure of her home mortgage.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692(e)

18.

Plaintiff incorporates Paragraphs 1 through 17 inclusive, as though fully set forth herein.

19.

Pursuant to 15 U.S.C. § 1692(e), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)     The false representation of—

(A)     the character, amount, or legal status of any debt; or

(B)     any services rendered or compensation which may be lawfully received by any debt         collector for the collection of a debt.

(3)     The false representation or implication that any individual is an attorney or that any   communication is from an attorney.

(5)     The threat to take any action that cannot legally be taken or that is not intended to be        taken.

(6)     The false representation or implication that a sale, referral, or other transfer of any interest      in a debt shall cause the consumer to—

(A)     lose any claim or defense to payment of the debt; or
(B)     become subject to any practice prohibited by this subchapter.

(9)     The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any

> court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20.

The FDCPA provides that a debt collector cannot use false, deceptive, or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692(e). The FDCPA specifically provides that a threat to take action that cannot legally be taken is a violation of that section. 15 U.S.C. § 1692(e)(5).

21.

The collection letters sent to Ms. Hardy state that they were not reviewed by an attorney. In addition, were duplicitous, conflicting and in violation of 15 U.S.C. § 1692(e)(3)(9) and (10). *See Young v. Citicorp Retail Servs., Inc.*, 159 F. 3d 1349 (2d Cir. 1998)(collection attorney violated the FDCPA by allowing collection letters to be sent on her attorney letterhead to numerous consumers without reviewing the files or determining which consumers should receive attorney letters sent under her letterhead) citing 15 U.S.C. § 1692(e); *Avila v. Rubin*, 84 F. 3d 222 (7th Cir. 1996)(attorneys sending collection letters under their letterhead must be directly and personally involved in the account; in this case the defendant did not personally prepare, sign or review any of the 'attorney letters' that were sent under his name to consumers) 15

U.S.C. § 1692(e)(3) and (9); *Boyd v. Wexler*, 275 F.3d 642 (7th Cir. 2001)(an attorney debt collector violates the FDCPA if he send an attorney letter that he has not reviewed since the letterhead falsely implies that he has reviewed the account) citing 15 U.S.C. § 1692(e)(3) and (10); *Bitah v. Global Collection Servs., Inc.*, 968 F. Supp. 618 (D.N.M. 1997)(attorneys are required to review a consumer's file and have some knowledge of the debt before permitting a demand letter to be sent under their name); *Irvin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000) (the FDCPA prohibits debt collectors from taking advantage of an attorney's name and letterhead to add force to its collection letters, unless the attorney is actually involved in the collection letter; The Court noted that if the attorney did not first conduct an individual review of a consumer's file or if the attorney did not determine if a particular letter should be sent to a particular consumer, or if the attorney did not know the identity of the person receiving the letter, the communication from the attorney is false and misleading under the FDCPA) citing 15 U.S.C. § 1692(e)(3) and (10).

22.

Namely, Defendant S&S sent two different and conflicting letters to Ms. Hardy both dated December 2, 2011. The first December 2, 2011 letter provides a pay-off amount for her loan. The second December 2, 2011 letter states that her loan balance has already been accelerated. Sending two letters to the same recipient with the same date, which contain conflicting information is misleading and violates 15 U.S.C. §

1692(e), including specific sections 2(A), 2(B), 5, and (10). *See Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996)(a second notice, sent approximately 20 days after the first, which demanded payment in full within five days was seen to be a deceptive practice in violation of the FDCPA; *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991)(court found that inconsistent recitals and communications are in violation of the FDCPA).

23.

Defendant S&S violated 15 U.S.C. § 1692(e), including specific sections 5 and (10), when on that same date, in addition to the two conflict letters, Defendant S&S sent (3) three more letters and notices to Ms. Hardy regarding collection and foreclosure of her home mortgage.

24.

In addition, Defendant S&S violated 15 U.S.C. § 1692(e), including sections (5) and (10) when it accelerated Ms. Hardy's loan, conveyed that a foreclosure sale was scheduled for January 3, 2012, and then proceeded with a foreclosure sale on the property, prior to compliance by Defendant Wells Fargo with HUD regulations incorporated in her Security Deed.

25.

With regard to acceleration, the Security Deed provides:

Lender may, except as limited by regulations issued by the [HUD]

Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if: (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligation contained in this Security Instrument. Paragraph 9(a).

26.

With regard to acceleration the Security Deed, also provides:

**Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights in case of payment defaults to require immediate payment in full and foreclose if not paid. This Security Agreement does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.**

Paragraph 9(d) (Emphasis Supplied).

27.

HUD Regulations provide that it is the intent of the Department that no mortgagee shall commence foreclosure or acquire title to a property until the requirements of this subpart have been followed. 24 CFR § 203.500.

28.

HUD Regulations incorporated into the Security Deed were not complied with at the time that Defendant S&S initiated foreclosure proceedings and at the time it gave notice of acceleration, and its notices to Mrs. Hardy purporting to accelerate the debt and seeking a pay-off are in violation of 15 U.S.C. § 1692(e) and specifically sections (5) and (10). Namely, upon information and belief, some of the HUD regulations that were not complied with at the time of the notices provided by Defendant S&S include the failure to provide loan information to Ms. Hardy and arrange for individual loan consultation on request. 24 CFR § 203.508; the failure to deliver to Ms. Hardy a written notice of any assignment, sale, or transfer of the servicing of the mortgage. 24 CFR § 203.508; the failure to adapt its collection techniques to individual differences of Ms. Hardy or take account of her individual circumstances. 24 CFR § 203.600; Defendant Wells Fargo failure to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting with Ms. Hardy, before three full monthly installments due on the mortgage were unpaid. CFR § 203.604; the failure to inform Ms. Hardy of other available assistance, if any and inform Ms. Hardy of the names and addresses of HUD officials to whom further communications may be addressed. CFR § 203.604; the failure to evaluate on a monthly basis all of the loss

mitigation techniques provided at §203.501 to determine which is appropriate before four full monthly installments due on the mortgage were unpaid, and upon such evaluations, failed to take the appropriate loss mitigation action. CFR § 203.605; and the failure to evaluate whether Ms. Hardy's default was due to circumstances beyond her control, as defined by HUD, or grant special forbearance relief to the mortgagor in accordance with the conditions prescribed by HUD. 24 CFR § 203.614.

29.

Defendant's violation of the FDCPA has caused Plaintiff to suffer actual damages in an amount to be proved at trial.

30.

Additionally, Defendant is liable to Plaintiffs for statutory damages pursuant to 15 U.S.C. § 1692(k)(2)(A) and attorneys' fees pursuant to 15 U.S.C. § 1692(k)(3), in an amount to be proved at trial.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692(f)

31.

Plaintiffs incorporate Paragraphs 1 through 30 inclusive, as though fully set forth herein.

32.

Pursuant to 15 U.S.C. § 1692(f), a debt collector may not

13

use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

33.

Defendant S& S utilized unfair collection practices in violation of 15 U.S.C. § 1692(f), when it sent conflicting letters to Ms. Hardy on December 2, 2011 and sent (3) three additional letters and notices to Ms. Hardy regarding collection and foreclosure of her home mortgage on that same date.

34.

Defendant S& S violated 15 U.S.C. § 1692(f)(6), when it threatened to take and took acceleration and foreclosure action on Ms. Hardy's home mortgage without the present legal right to do so under the terms of the Security Deed. *See Revering v. Norwest Bank Minn., N.A.*, 1999 WL 33911360 (D. Minn. Nov. 30, 1999)(in determining whether a party has a present right to possession under the FDCPA, the Court should look to state law requirements).

35.

Defendant's violation of the FDCPA has caused Plaintiff to suffer damages in an amount to be proved at trial.

36.

Additionally, Defendant is also liable to Plaintiff for statutory damages pursuant to 15 U.S.C. § 1692(k)(2)(A) and attorneys' fees pursuant to 15 U.S.C. § 1692(k)(3), in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

a.  that she be awarded general or compensatory damages in an amount to be proven at trial, statutory, special and consequential damages, as proven at trial;

b.  that she be awarded pre-judgment and post-judgment interest on all

awards subject thereto under law;

c.  that she be awarded all costs of this action;

d.  that she be awarded all expenses incurred in this litigation, including reasonable attorneys' fees; and

e.  for such other relief as the Court deems just and equitable.

Respectfully submitted, this 18TH day of March, 2013.

                        **THE SPEARS & ROBL LAW FIRM LLC**

                        /s Nicole Sheppe Gupta

                        Nicole Sheppe Gupta
                        State Bar No. 140863
                        Attorney for Essie Hardy

104 Cambridge Avenue
Decatur, Georgia 30030
Telephone: (404) 373-5248
Facsimile: (404) 373-5199
E-mail: nsgupta@tsrlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ESSIE L. HARDY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| ) | 1:12-cv-00851-SCJ-LTW |
| ) | |
| WELLS FARGO BANK, N.A. AND ) | |
| SHAPIRO & SWERTFEGER, LLP. ) | |
| ) | |
| Defendants. ) | |

## VERIFICATION

I, Essie L. Hardy, declare under penalty of perjury that the factual allegations in the Amended Verified Complaint and Petition are true and correct to the best of my knowledge and based upon the documents attached to the same.

This 18th day of March, 2013.

By: _____
ESSIE L. HARDY

[Notarization of a Sworn Declaration is
Unnecessary pursuant to 28 U.S.C.A. § 1746]

1