IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ESSIE L. HARDY, | * |
| | * CIVIL ACTION FILE NO. |
| PLAINTIFF, | * 1:12-CV-00851-SCJ-LTW |
| | * |
| VS. | * |
| | * |
| WELLS FARGO BANK, N.A. AND | * |
| SHAPIRO & SWERTFEGER, LLP, | * |
| | * |
| DEFENDANTS. | * |

## PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANT WELLS FARGO BANK, N.A.'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED FILED IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff responds and objects to Defendant's Statement of Material Facts To Which There Is No Genuine Issue to be tried as follows:

### INTRODUCTION

Most of Defendant's Statement of Material Facts To Which There is No Genuine Issue To Be Tried relies on Defendant's defective Affidavit (Doc. No. 74-2). Defendant's Affidavit is defective because it is not executed, fails to identify the Affiant, is not based on personal knowledge and since there is no Affiant it cannot be shown that the Affiant is competent to testify on the matters stated.. Therefore, any and all Statement of Material Facts and introduction of evidence which attempt to be supported by Defendant's affidavit should be inadmissible and denied. As an abundance of precaution, the Plaintiff will respond to each Statement of Material Facts but does not waive any rights.

1

1.

   Admitted but denied as to being supported by Affidavit.

2.

   Denied as stated. The FHA was subject to the HUD regulations and this paragraph is in contradiction with paragraph three because paragraph 2 states that the note was at an adjustable rate and paragraph 3 states that it was a fixed rate. Further, not supported by Affidavit.

3.

   Denied as stated. Contradicts paragraph 2 and not supported by Affidavit.

4.

   Admitted, subject to HUD regulations and not supported by Affidavit.

5.

   Denied as stated. The zip code is incorrect. Affidavit is defective. This also raises the issue as to Mail from Defendant to Plaintiff being delivered to the wrong address. See Plaintiff's Affidavit.

6.

   Admitted.

7.

   Denied as stated. Paragraph 9 must be read in its entirety.

8.

   Admitted as to what paragraph 10 states but denied as to whether Defendant had the right to accelerate and or foreclose because the Defendant failed to meet conditions precedent which must take place before Defendant can rely on paragraph 10.

9.

Admitted as to what paragraph 17 states but denied as to whether Defendant had the right to invoke the power of sale under the facts and circumstances of this case. Further, there are material disputed fact as to whether the power of sale was exercised in good faith.

10.

Denied as stated. There is a dispute as to whether the Plaintiff was properly notified of the assignments, which notification is a requirement under the HUD regulations. See Plaintiff's Affidavit.

11.

Denied as stated.

12.

Denied as stated.

13.

Denied as stated. Also, the referenced Exhibit is incomplete because it fails to include the referenced pamphlet "How to Avoid Foreclosure."

14.

Denied as stated.

15.

Denied as stated. The amount of default is in dispute and the issue of acceleration is a disputed fact because the pre conditions to acceleration were not met.

16.

Denied as stated. The Affidavit is defective.

17.

>Denied as stated. Self serving statement and not supported by Affidavit.

18.

>Admit as to correct address but denied as to the remainder.

19.

>Denied as stated. Not supported by a valid affidavit.

20.

>Denied as stated. Not supported by a valid affidavit.

21.

>Denied as stated.

22.

>Denied as stated. The term "from time to time." is not defined and leads to confusion as to what is meant by this term.

23.

>Denied as stated. The Defendant needs to produce the actual loan modification.

24.

>Admitted.

25.

>Admitted as to the referenced due date but denied as to other admissions because the loan number has been redacted and there are disputed material facts as to whether there were more than one loan number issued.

26.

Denied as stated. It is disputed as to whether acceleration was allowed since the pre conditions to acceleration were not met. Further, the Affiant has no personal knowledge as to whether this letter was sent to the Plaintiff.

27.

Denied as stated. Not supported by a valid affidavit.

28.

Denied as stated. Self serving and not supported by a valid affidavit. Further, the language used in the referenced letter is language from a conventional Security Deed and not language as contained in the Security Deed at hand. This begs the question as to whether Wells Fargo was operating under the assumption that the Security Deed was subject to the FHA and HUD regulations.

29.

Denied as stated. Self serving and not supported by a valid affidavit.

30.

Denied as stated. Not supported by a valid affidavit and whether the balance could be accelerated is in dispute. Further, the foreclosure law firm would be the proper party to provide an affidavit as to whether or not the alleged letter was sent to the Plaintiff.

31.

Denied as stated. Not supported by a valid affidavit. The facts are disputed as to whether Wells Fargo was unable to reach the Plaintiff. Further, the alleged referenced letter redacts the loan number and there is an issue as to whether there was more than one loan number regarding

the same loan.

32.

    Denied as stated. Not supported by a valid affidavit and for the same reasons as above.

33.

    Denied as states. Self serving and not supported by a valid affidavit.

34.

    Denied as stated. Not supported by a valid affidavit. Further the alleged notice has two different addresses.

35.

    Denied as stated. There are two different addresses.

36.

    Denied as stated. Not supported by a valid affidavit.

37.

    Admitted as to the address. Denied as to any other content.

38.

    Denied as stated because it confusing and encompasses the reference of a May 17, 2010 letter which is denied and not supported by a valid affidavit. Further, the referenced deposition transcript of Plaintiff is misleading. Further review of Plaintiff's deposition transcript show that Plaintiff did not believe the letter was accurate, etc.

39.

    Denied as stated. Not supported by a valid affidavit.

40.

    Denied as stated. Not supported by valid affidavit.

41.

    Denied as stated.

42.

    Denied as stated. Not supported by valid affidavit and certainly not based on personal knowledge.

43.

    Denied as stated.

44.

    Denied as stated.

45.

    Denied.

46.

    Denied.

47.

    Denied.

48.

    Denied.

49.

    Denied as stated.

50.

    Denied as stated.

51.

    Denied as stated.

52,

    Denied. Self serving and not supported by a valid affidavit.

53.

    Denied.

54.

    Denied as stated.

55.

    Denied as stated.

56.

    Denied as stated.

57.

    Denied as stated.

58.

    Denied as stated.

59.

    Denied as stated.

60.

    Denied as stated. There are two different addresses on Exhibit U.

61.

   Admitted as to one of the property addresses, denied as to the remainder of paragraph.

62.

   Denied.

63.

   Denied.

64.

   Denied as stated.

65.

   Denied as stated.

66.

   Denied as stated.

67.

   Denied as stated.

68.

   Denied. Misrepresents the deposition testimony.

69.

   Denied as stated.

70.

   Denied as stated.

71.

   Denied as stated.

72.

Denied as stated. This issue is in dispute.

73.

Denied as stated. "During all times relevant" is not defined and the testimony is taken out of context.

74.

Denied as stated. "During all times relevant" is not defined and deposition testimony taken out of context.

75.

Denied as stated. The deposition testimony needs to be read further wherein, the Plaintiff testifies "I don't believe it was accurate."

76.

Denied as stated. Plaintiff's deposition testimony is taken out of context.

77.

Denied. Plaintiff testified about attorney's fees and provided specific information regarding damages at mediation.

78.

Admitted as to the above styled case.

79.

Admitted.

80.

Admitted.

81.

   Admitted.

82.

   Admitted as to the above styled case.

83.

   Denied as stated.

84.

   Admitted and the costs of storage space are damages.

85.

   Denied as stated. There is a mold problem at Plaintiff's residence and Defendant has been put on notice of this problem since July, 2014. It is possible that the mold problem has caused damage to Plaintiff's personal property, furniture or personal possessions.

   Any Statement of Material Facts which have not been responded to are hereby denied.

   This 30th day of December, 2014.

                                         /s/
                                         Schuyler Elliott
                                         Georgia Bar Number 244002
                                         Attorney for Plaintiff

2024 Beaver Ruin Road
Norcross, Georgia 30071
(770)209-7999
(770)209-0033 Fax
Email: semecca@aol.com

**CERTIFICATE OF SERVICE**

This is to certify a copy of the **PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANT WELLS FARGO BANK, N.A.'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED FILED IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** has been served by using the electronic case filing system (CM/ECF), which will automatically send email notification to the following:

Jennifer L. Ervin, Esq.
Dylan Howard, Esq.
Linda S. Finley, Esq.
Baker, Donelson Caldwell &
Berkowitz, PC
Suite 1600, Monarch Plaza
3414 Peachtree Road, NE
Atlanta, Georgia 30326

This 30th day of December, 2014.

                                         /s/
                                    Schuyler Elliott
                                    Georgia Bar No. 244002
                                    Attorney for Plaintiff

2024 Beaver Ruin Road
Norcross, Georgia 30071
(770)209-7999
(770)209-0033 Fax
Email: semecca@aol.com