# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ESSIE L. HARDY, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 1-12-CV-00851-SCJ |
| v. | : |
| WELLS FARGO BANK, N.A., | : |
| Defendant. | : |

## ORDER

This matter appears before the Court for consideration of the magistrate judge's January 23, 2015 Final Report and Recommendation ("R&R") (Doc. No. [82]), in which the Honorable Linda T. Walker, United States Magistrate Judge, recommended that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Doc. No. [74]), be granted.

The facts and procedural history of this case are stated in the R&R and incorporated by reference. In summary, as stated in the R&R, Plaintiff Essie Hardy ("Plaintiff") filed this lawsuit on February 6, 2012, for claims arising out of Wells Fargo's foreclosure on her residence. The only claims that remain to be addressed by Wells Fargo's summary judgment motion are Plaintiff's claims in Count I of the Complaint that Wells Fargo breached the Security Deed by failing

to comply with HUD regulations prior to the acceleration of her debt or the foreclosure of her property, and Plaintiff's claims in Count VI that she is entitled to expenses of litigation and reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11. Doc. No. [82], p. 2.

On February 5, 2015, Plaintiff filed objections to the Magistrate's R&R.[1] On February 19, 2015, Defendant filed a response to Plaintiff's objections. Plaintiff's objections are now ripe for review.[2]

When such objections are filed, as to the non-dispositive matters, "[t]he [Court] must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

As to dispositive matters, when such objections are filed, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the

---

[1] Plaintiff also filed a response to Defendant's Motion for Leave to File Corrective Affidavit in Support of Summary Judgment (Doc. No. [85]). The Magistrate granted said motion in the context of the R&R. Doc. No. [82].

[2] The Federal Rules of Civil Procedure do not provide for the objecting party to file a reply brief.

2

magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

The Court will address each of the Plaintiff's objections in turn.

**Objection # 1**

Plaintiff alleges that the Magistrate's background reference to a dismissed claim/party, Shapiro & Swertfeger, LLP is in error to the extent that it can be construed that Plaintiff dismissed her claim as having no merit. Doc. No. [86], p. 4. After *de novo* review, the Court has not concluded that Plaintiff dismissed a meritless claim via the R&R's reference to the claims dismissed against Shapiro & Swertfeger, LLP. Plaintiff's objection is hereby overruled.

**Objection # 2**

Plaintiff's second alleged error is that her Motion to Strike Wells Fargo's Affidavit should have been granted. Doc. No. [86], p. 4. Plaintiff further argues that Defendant's Motion for Leave to File Corrective Affidavit should have been denied or at a minimum, Plaintiff should have been afforded the opportunity to file a response. Id.

AO 72A
(Rev.8/82)

In the R&R, the Magistrate granted Wells Fargo's Motion for Leave to File Corrective Affidavit and deemed Plaintiff's Motion to Strike Wells Fargo's original affidavit, moot. Doc. No. [82], p. 4.

A review of the record shows that after the issuance of the R&R on January 23, 2015 (Doc. No. [82]), Plaintiff filed a response to the Defendant's Motion for Leave to File Corrective Affidavit on January 27, 2015. Doc. No. [85].

After review of this non-dispositive matter, the Court finds that the Magistrate's rulings were neither clearly erroneous, or contrary to law. Further, in the interest of caution, the Court has also conducted a *de novo* review of the motions to include consideration of Plaintiff's response at Doc. No. [85]. Now that Plaintiff's response has been considered in the context of a *de novo* review, all arguments of error/prejudice based on Plaintiff not being afforded an opportunity to file a response to Defendant's Motion to File Corrective Affidavit prior to the Magistrate's R&R are now moot. After *de novo* review, the Court accepts the findings and conclusions made by the Magistrate Judge.

**Objection # 3**

Plaintiff argues that it was error to consider Defendant's attachments based on a defective affidavit and it was error to consider attachments based on a

AO 72A
(Rev.8/82)

corrected affidavit, which Plaintiff was not given the opportunity to file an objection prior to ruling on the pending motion for summary judgment. Doc. No. [86], p. 7.

Plaintiff also disagrees with the Magistrate's statement that the attachments in the original affidavit are the same as the attachments in the corrective affidavit. Doc. No. [86], p. 7. Plaintiff compares Doc. No. [74] (464 pages) and Doc. No. [77] (213 pages) to this regard. The Court has reviewed both docket entries and finds that Plaintiff's argument fails as Plaintiff has failed to account for the additional filings under (Doc. No. [74]), aside from the affidavit at issue and its accompanying exhibits. More specifically, Doc. No. [74] includes the summary judgment briefing, statement of material facts, and exhibits to the statement of material facts, in addition to the affidavit at issue and its exhibits. In contrast, Doc. No. [77] only relates to the corrective affidavit and accompanying exhibits.[3]

After *de novo* review, the Court accepts the findings and conclusions made by the Magistrate Judge with the following modification. The Defendant has pointed out a one-page difference between the total number of pages of the

---

[3] Doc. No. [77] also includes a brief in support of the corrective affidavit and a proposed order.

5

exhibits labeled S-X at Doc. No. [74-6] and Doc. No. [77-6]. Doc. No. [87], pp. 16-17. Said omitted page is the second page of the November 16, 2011 letter. Defendant states that this letter was produced to Plaintiff through discovery and as a result, Plaintiff was fully aware of the length and content of this exhibit. Id. at p. 17 n.8. The Court finds that the one-page difference does not change the ruling. The Corrective Affidavit and accompanying exhibits will be considered for purposes of the summary judgment ruling.

**Objection # 4**

Plaintiff argues that it was error to give Defendant's affidavit (indicating that it sent notice of assignment to Plaintiff) more credibility over Plaintiff's affidavit in which she states that she never received written notice of assignment. Doc. No. [86], p. 8. Plaintiff asserts that any argument that this alleged error is harmless (because Plaintiff cannot prove damages as a result of breach) fails because 24 CFR § 203.508(e) does not require a showing of damages. Id. at p. 10.

The specific language of the R&R is as follows:

> On November 15, 2006, Washington Mutual Bank sent Plaintiff a letter indicating that the servicing of her mortgage loan was being assigned to Wells Fargo, effective December 1, 2006. (Kruse Aff. ¶ 8, Ex. G). Plaintiff states that she never received written notice of the assignment, sale, or transfer of the servicing of her loan to Wells Fargo Bank. (Aff. of Essie Hardy, hereinafter "Hardy Aff.," ¶ 6).

Doc. No. [82], p. 7.

After review of the specific language of the R&R, the Court does not agree that the Magistrate gave Defendant's affidavit more credibility over Plaintiff's affidavit. It appears to the Court that the Magistrate recognized both positions in the R&R. Further, Plaintiff's assertion that 24 CFR § 203.508(e) does not require a showing of damages is not supported by legal authority that holds such a proposition and there is no indication in the language of § 203.508(e) that damages are not required to be shown for a violation of its provisions.

**Objection # 5**

Plaintiff alleges error in the Magistrate's failure to first make a specific ruling as to whether the Defendant was in breach of contract. Doc. No. [86], p. 14. After *de novo* review, the Court accepts the Magistrate's "even if" analysis of assuming that Wells Fargo breached the HUD regulations at issue and considering the damages element of the breach of contract cause of action. In essence, the Court does not find error in the way the Magistrate conducted the analysis.

Next, the Plaintiff alleges error in the Magistrate's conclusion that Plaintiff's breach of contract claim fails because Plaintiff did not raise a genuine

AO 72A
(Rev.8/82)

issue of material fact as to whether she suffered damages as a result of Wells Fargo's alleged breach of HUD Regulations. Doc. No. [86], p. 10. Plaintiff argues that the issue of damages, especially attorney's fees is a jury question. Id. at p. 14. Plaintiff also argues that the issue of attorney's fees was not ripe. Id. at p. 18.

After *de novo* review, the Court accepts the Magistrate's finding that Plaintiff failed to raise a genuine issue of disputed material fact as to whether she was damaged by Wells Fargo's alleged breach of HUD provisions incorporated into her Security Deed and that Plaintiff's derivative claim for attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 also fails. Doc. No. [82], p. 18. The Court does not agree that the issue of damages is a jury question, as it has been held that where there is no probative evidence as to the amount of damages in a breach of contract claim, it is not error to grant a directed verdict. See Polma, Inc. v. Coastal Canvas Prods. Co., Inc., 199 Ga. App. 616, 617, 405 S.E.2d 531, 532 (1991) and Shuniak v. AAA Well Drilling & Boring Co., 146 Ga. App. 785, 785, 247 S.E.2d 601, 601 (1978); see also Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1133 (11th Cir. 2014) ("because [plaintiff] has failed to put forward any evidence of damages caused by the purported breach of these contract terms or seek any cognizable relief, we conclude that summary

8

judgment properly was granted against [plaintiff] on her breach of contract claims.").

## CONCLUSION

The Magistrate's Final R&R (Doc. No. [82]) is hereby **ADOPTED** as the Order of the Court, as modified herein.

Plaintiff's objections (Doc. No. [86]) are hereby **OVERRULED**.

Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Doc. No. [74]), is hereby **GRANTED**.

The Clerk is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** this case.

**IT IS SO ORDERED**, this 23rd day of February, 2015.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE